UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

EXOTICRIDGE CRYPTO COMPANY,           )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          No. 2:26-CV-00064-DCLC-CRW
                                      )
HAWKINS COUNTY, TENNESSEE,            )
                                      )
            Defendant.                )

**SCHEDULING ORDER**

1.      **Introduction:**   Based on the parties' Rule 26(f) report, the key scheduling deadlines for
        this matter are listed below with further discussion set forth herein.

| Important Scheduling Dates | |
|---|---|
| Initial Disclosures Deadline | July 1, 2026 |
| Expert Disclosure Deadlines: | Plaintiff: April 15, 2027<br>Defendant: May 17, 2027<br>Rebuttal: May 31, 2027 |
| Fact and Expert Discovery Cut-Off | August 13, 2027 |
| Dispositive Motions Due and Daubert Challenge Deadline | September 27, 2027 |
| Non-dispositive Motions Due | November 30, 2027 |
| Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures | December 13, 2027 |
| Final Pretrial Order and Proposed Jury Instructions Deadline | January 6, 2028 |
| Final Pretrial Conference | January 11, 2028, at 1:30 p.m. |
| Final Witness and Exhibit Lists | January 18, 2028 |
| Trial Date | January 25, 2028, at 9:00 a.m. |
| Estimated Length of Trial | 5 days |

2. **Jurisdiction:**  In this case, the subject matter jurisdiction of the Court has been invoked by Plaintiff pursuant to 28 U.S.C. § 1331.

3. **Settlement/Alternative Dispute Resolution:**  The parties are advised of the availability of the Federal Court Mediation Program and shall consider utilization of the program. If the parties elect to utilize this program, they are requested to notify the Mediation Coordinator, United States Courthouse, 220 West Depot Street, Greeneville, Tennessee, 37743.

4. **Disclosure and Discovery; Including Experts:**

   a. **Rule 26(f) Meeting and Discovery Plan**:  The parties shall follow their discovery plan but may seek assistance from the Court in the event of a dispute.

   b. **Electronic Discovery:**  To the extent discovery of ESI occurs, the parties shall confer regarding the manner and method of same and seek the Court's assistance in the event an agreement cannot be reached.

   c. **Initial Disclosures**: The parties agreed to complete initial disclosures by date referenced above.

   d. **Protective Orders:**  In the event a need for a protective order arises, the parties shall endeavor to reach an agreement as to an order and, in the absence of agreement, may file a motion for a protective order.

   e. **Expert Testimony**: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made by the plaintiff on or before the dates outlined above.

      See Section 5(c) regarding expert-related motions.

   f. **All Discovery**:  All discovery, including expert depositions, shall be completed by in accordance with the dates outlined above, unless the parties agree in writing to an extension.  No such agreement will affect the trial date or the motion deadlines herein.

   g. **Motions to Compel**:  Prior to filing motions to compel, the parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. *See also* http://www.tned.uscourts.gov/ with regard to the Court's preferences.

5. **Other Scheduling Matters and Motion Practice**

   a. **Dispositive Motions:**  All dispositive motions under Rules 12 and 56 shall be filed on or before the date outlined above. Untimely motions may be summarily denied.  Per Local Rule 7.1(a), the responding party(ies) shall have **twenty-one (21)** days after the

date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion on the basis of the record as it then appears.

b. **Special Instructions for Summary Judgment Motions:** Summary judgment motions shall be accompanied by a **separate, concise statement of the material facts** as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph, and supported by no more than two citations to the record. A party is limited to no more than 35 separate statements of material fact, unless approved by the Court.

The party opposing the motion shall file with his/her brief in opposition, opposing affidavits, etc., a response to each fact set forth by the movant that either (1) agrees that the fact is undisputed, (2) agrees that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (3) demonstrates that the fact is disputed, in which event there must be a specific citation to the record. Further, the non-movant's response may contain a concise statement of additional facts that the non-movant contends are material and disputed. Each disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record.

The parties are advised that fact statements shall not include argument. If either party fails to file the documents required as set forth herein, the Court may strike that party's motion or opposition, as applicable.

c. **Expert Witness and _Daubert_ Motions:** Objections to a proposed witness's qualifications, or that witness's competency to offer an expert opinion, or any objection to an expert's testimony under F.R.E. 701 through 706 and _Daubert_, shall be filed by the date outlined above. Per Local Rule 7.1(a), the responding party(ies) shall have **fourteen (14)** days after the date an objection is filed to respond.

**Any such objection must be filed by this date or any extension thereof. Otherwise, the objection is deemed waived. If a party desires to take a discovery deposition of an expert prior to filing an objection under this paragraph, they must do so and file the objection by the deadline.**

d. **Motions in Limine/Non-dispositive motions:** Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) must be filed by the date outlined above. Consistent with Local Rule 7.1, the parties are limited to one motion in limine that identifies all evidence sought to be excluded and one supporting brief not to exceed twenty-five pages. Separately filed motions in limine will be summarily denied. Evidence sought to be excluded should be attached as an exhibit to the motion in limine to the extent practicable. These may be heard at the final pretrial conference. Per Local Rule 7.1(a),

3

the responding party(ies) shall have **fourteen (14)** days after the date a motion is filed to respond.

If a motion regarding exclusion of a portion of a recording is granted, the recording must be edited before trial to conform to the Court's order, or it will not be admitted into evidence.

The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Fed. R. Evid. 702 must be filed on or before the *Daubert* motion deadline set forth above.

e. **Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **thirty (30) days** before the final pretrial conference, the parties shall make pretrial disclosures in accordance with the following:

1. File a final witness list under Rule 26(a)(3).

2. File exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the exhibits for inspection by the opposing parties. If the authenticity of the exhibit is not stipulated, the party seeking to admit the exhibit must identify the witness who will authenticate the exhibit or identify the rule of evidence that makes the exhibit self-authenticating.

3. Objections to any exhibits or designations of depositions must be made 21 days prior to the Final Pretrial Conference. The objecting party must include the grounds for each objection to any exhibits. The objecting party must also file their objections to any deposition designations along with a copy of the deposition transcripts at issue. Note that unless written objection is made to the authenticity and/or admissibility of an exhibit, objections to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause. The purpose of this requirement is to avoid delays during to trial resolving admissibility questions.

4. File a list of damages if damages are claimed.

**Failure to fully comply with this section will likely result in the exclusion of these items from use at trial in that party's case-in-chief.**

f. **Depositions for Evidence**: Depositions for evidence (proof) shall be completed **thirty (30) days** prior to the Final Pretrial Conference unless all parties agree otherwise, which agreement shall be memorialized in writing (and not be filed with the Court), or unless leave of Court is granted.

4

g.  **Extensions of time.**  The parties may agree to extend the deadline for any disclosure required by Rule 26 or this scheduling order, but such agreement must be in writing to be effective. However, the deadlines for filing motions shall remain applicable, and will be extended only with court permission.

6.  **Final Pretrial Conference and Pretrial Orders**

a.  **Final Pretrial Conference:** A final pretrial conference will be held as set forth above and will be held at the James H. Quillen Courthouse, Courtroom 420, 220 W. Depot Street, Greeneville, Tennessee.

b.  **Final Pretrial Order:**  Unless counsel is otherwise directed, the following governs with regard to the pretrial order.  A proposed Final Pretrial Order shall be filed **five (5) days** before the final pretrial conference. The order shall contain the following recitals:

(1)  Jurisdiction

(2)  Admissions and Stipulations.  The parties shall set out in numbered paragraphs each fact that is not in dispute.  The parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects the parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement.  In a jury trial, the section will be read to the jury and the jury will be instructed to accept these facts as true.

(3)  General Nature of the Claims of the Parties:

i.  Summary of plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. Each claim must be set out in a separately numbered and labeled paragraph.

ii.  Summary of each defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. Each defense must be set out in a separately numbered and labeled paragraph.

(4)  Contested Issues of Law

(5)  Damages. If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

(6)  Other Trial Information and Other Matters.

i. That the pleadings are amended to conform to the pretrial order.

ii. Estimated length of trial (in working days).

iii. Possibility of settlement.

**Forty-five (45)** days before the final pretrial conference (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed Final Pretrial Order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to proposed pretrial order content. Before submitting the Final Pretrial Order to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements that cannot be resolved, the parties should note the disagreements in the Final Pretrial Order, and shall state the legal basis for their disagreement.

**Failure to file an agreed pretrial order may be deemed a failure to prosecute the action and the action dismissed.** *See* **Fed. R. Civ. P. 41(b).**

c. <u>**Jury Instructions and Verdict Form:**</u>  The parties shall file a joint proposal for jury instructions and a proposed verdict form **five (5) days** before the Final Pretrial Conference. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal, and shall state the legal basis for their disagreement. The parties shall cite with each jury instruction request at least one supporting authority. The parties shall also submit the proposed instructions and proposed verdict form as a Word document via e-mail to chambers.

d. <u>**Filings Required after Final Pretrial Conference:**</u>  At least **seven (7) days** before trial, counsel will:

(1) File a final witness list identifying only the witnesses that will definitely be used at trial. This list shall not identify any witness not appearing on the witness list referenced in Section 5(e);

(2) File a list of damages preferably stipulated to by all parties. If stipulation cannot be reached, each party must file a list showing the method of determining damages;

(3) File designations of depositions or portions thereof which will be read at trial;

(4) File as an exhibit resumes of all expert witnesses;

(5) <u>**Jointly**</u> submit pre-marked exhibits.  The exhibits shall be sequentially numbered with Plaintiff's exhibits first and Defendant's exhibits thereafter.   Plaintiff's

6

exhibits will be numbered one through the last exhibit Plaintiff expects to introduce and Defendant's exhibit numbers will commence with the number immediately following Plaintiff's last exhibit;

(6) File briefs of all contested issues of law; and

(7) For non-jury issues, file proposed findings of fact and conclusions of law with citations of authority supporting the latter.

7. **Trial:** Unless otherwise ordered, the trial will be in Greeneville, Tennessee, before the undersigned and a jury beginning on the date set forth above.

8. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. Attorneys are encouraged to familiarize themselves with this technology and to make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy at least two days prior to a hearing or trial so the equipment is ready for use. The courtroom deputy, Ms. Kim Ottinger, will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. Admitted evidence will be released to the jury during deliberations unless the Court specifically directs otherwise, and the evidence can be played back by the jury in the deliberation room. In order to best facilitate presentation of evidence at trial and use of the JERS, the parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than **ONE WEEK** before trial. The exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUBMITTED IN ELECTRONIC FORMAT. It is preferred that the parties provide all electronic evidence files on USB drives, DVDs, or CDs.

Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

9. **Conclusion:** A failure to comply with the provisions of this order likely will result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge