UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EXOTICRIDGE CRYPTO COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>HAWKINS COUNTY, TENNESSEE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-CV-00064-DCLC-CRW |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

BACKGROUND

ExoticRidge filed this action on March 31, 2026, challenging Hawkins County's September 22, 2025 Resolution ("2025 Ban") banning all data centers and cryptocurrency mining. (Doc. 1.) Hawkins County answered on May 18, 2026. (Doc. 12.)

On July 27, 2026, the Hawkins County Board of Commissioners adopted Resolution No. 2026/07/10 ("2026 Ban"), which provides that "no person or entity shall establish, construct, install, locate, operate, or expand a cryptocurrency mining facility or data center facility within the unincorporated areas of Hawkins County, Tennessee." The 2026 Ban provides no variance, permit, or appeal process, takes effect immediately, and does not repeal the earlier ban. In addition, like the 2025 Ban, Hawkins County relied on the County Powers Act to enact the new resolution. *See* Tenn. Code Ann. § 5-1-118.

In short, the 2026 Ban operates in the same manner as the 2025 Ban. Moreover, Hawkins County has still not enacted countywide zoning and has not completed the procedures required to invoke the power of zoning under state law. And the County still does not issue building permits.

In the end, the result is the same. The 2026 Ban, like the 2025 Ban, is a categorical prohibition on operating data centers and cryptocurrency mining facilities in Hawkins County.

ARGUMENT

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The function of a supplemental pleading is to bring the complaint "up to date" and generally can be brought any time before trial. *Dowell v. Bernhardt*, No. 3:19-CV-105, 2020 WL 13644143, at *1 (M.D. Tenn. Dec. 3, 2020). "The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2)." *Farmer v. Sheppard*, No. 1:17-CV-32, 2018 WL 11463593, at *2 (E.D. Tenn. Mar. 21, 2018). Thus, absent factors such as undue delay or prejudice, "applications for leave to file a supplemental pleading are normally granted." *Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352, at *1 (M.D. Tenn. Dec. 4, 2009).

Here, the 2026 Resolution was adopted nearly three months after Plaintiff's Complaint was filed and five weeks after the Defendant's Answer. The 2026 Resolution and the events surrounding it arise from the same course of conduct already at issue: the same County, acting through the same commission, on the same asserted authority under Tenn. Code Ann. § 5-1-118. Because the case is in its early stages with discovery set to conclude August 13, 2027 (Doc. 20), Plaintiff's supplemental pleading will not cause any delay nor prejudice the Defendant. The supplemental pleading adds no claims, no parties, and no new legal theories. In short, there is nothing new for Hawkins County to defend against and no basis for a futility objection; the claims already pleaded are simply asserted as to the 2026 Ban.

Lastly, supplementation is also necessary for any judgment to be meaningful. Because the 2026 Resolution did not repeal the September 2025 ban, both prohibitions are in force. Relief directed only at the 2025 Ban would leave ExoticRidge unable to build or operate. Judicial economy is also served by allowing Plaintiff to include the 2026 Ban in this case.

## CONCLUSION

ExoticRidge respectfully requests that the Court grant leave to file the Supplemental Complaint.

DATED: August 27, 2026.

Respectfully submitted,

s/Ben Stormes
Ben Stormes, BPR # 041908
ben.stormes@beacontn.org
BEACON CENTER OF TENNESSEE
54 Music Square East, Suite 125
Nashville, TN 37203
Tel.: 615-383-6431
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, I submitted the foregoing Memorandum to the Clerk of the Court via the District Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Ben Stormes

Ben Stormes
Counsel for Plaintiffs